UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| JOSEPH MCPHERSON | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:13-cv-391 |
| | ) | | |
| AIR EVAC EMS, INC., | ) | Judge Curtis L. Collier | |
| | ) | | |
| Defendant. | ) | | |

**M E M O R A N D U M**

Before the Court is a motion to remand by Plaintiff Joseph McPherson ("Plaintiff") (Court File No. 5). Defendant Air Evac EMS, Inc. ("Defendant") filed a response in opposition (Court File No. 7) and Plaintiff replied (Court File No. 8). For the following reasons, the Court will **GRANT** the motion and **REMAND** the case (Court File No. 5).

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff filed a complaint against Defendant in McMinn County, Tennessee Circuit Court for common law retaliatory discharge as well as violations of the Tennessee Public Protection Act and the Tennessee Equal Pay Remedies and Enforcement Act. Plaintiff, a former employee of Defendant, a Missouri corporation, is a resident of Hamilton County, Tennessee. Plaintiff's "Prayers for Relief" section requests (1) "an injunction requiring Defendant to re-employ Plaintiff to his former position or an equivalent job with all employment rights and benefits to which he would have been entitled but for his discharge . . . or, in the alternative, front pay and benefits in lieu of reinstatement *in an amount no more than $74,999, inclusive of all costs, reasonable attorney's fees, non-economic damages and compensatory damages and punitive damages*;" (2) "judgment for damages for lost wages and the value of all employment benefits which he has lost from the date of

Defendant's retaliatory actions;" (3) "*additional compensatory damages*, including damages for humiliation and embarrassment, and loss [sic] pay due to his unequal treatment on account of his gender;" (4) punitive damages; (5) "reasonable attorney fees and the costs of this action;" and (6) "all other damages which the Court deems proper" (Court File No. 1-1. Complaint, pp. 18-19) (emphasis added).

Defendant removed the suit to this Court pursuant to 28 U.S.C. § 1441(b), arguing that Plaintiff's claim exceeded the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332. (Court File No. 1). Plaintiff then filed a motion to remand pursuant to 28 U.S.C. § 1447, asserting that the amount in controversy requirement was not satisfied (Court File No. 5). In addition to pointing out that his complaint stated that all damages requested were together less under $74,999, Plaintiff included a stipulation in his remand motion stating he is only requesting that amount.[1]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441, a defendant may remove from state court to federal court any civil action that the federal court would have had original jurisdiction over had the case been filed there originally. The removing party bears the burden of establishing by a preponderance of the evidence that removal was proper. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). In any case removed from state court, the federal district court shall remand the case if it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Because federal

---

[1] "Plaintiff stipulates that all his incurred damages, including front pay, benefits, back pay and benefits in lieu of reinstatement in an amount no more than $74,999, inclusive of all costs, reasonable attorneys fees, non-economic damages and compensatory and punitive damages" (Court File No. 6, p. 4). The Court understands that such a stipulation does not prevent an award of an amount greater than that stated in the stipulation.

2

courts are courts of limited jurisdiction, removal statutes are construed strictly and narrowly against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994); *Her Majesty the Queen*, 874 F.2d at 339. If doubt exists that removal was proper, then the case should be remanded to state court. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand.") (citing *Alexander v. Elec. Data Sys. Corp*., 13 F.3d 940, 949 (6th Cir. 1994)).

### III. DISCUSSION

As the removing party, Defendant bears the burden of establishing by a preponderance of the evidence that removal was proper. *Her Majesty the Queen*, 874 F.2d at 339; *Gafford v. Gen. Elec. Co.,* 997 F.3d 150, 157-58 (6th Cir. 1993) (noting that the preponderance standard applies to cases in which "a defendant seeks to remove a case where the plaintiff has specifically claimed less than the federal amount in controversy requirement"). The determination of federal jurisdiction in a diversity case is made as of the time of removal. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) ("[W]hen determining whether [a defendant] has met its burden of showing, by a preponderance, that more than $75,000 is in controversy, we review the damages sought by Plaintiffs at the time of removal—i.e., the damages sought by Plaintiffs in their original complaint.") (alteration in original).

Because a plaintiff is the master of his or her complaint, "[g]enerally, . . . a claim specifically less than the federal requirement should preclude removal." *Gafford*, 997 F.2d at 157; *see also Freeman v. Blue Ridge Paper Products, Inc*., 551 F.3d 405, 409 (6th Cir. 2008) (Generally, if a

3

plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). However, the Court recognizes the concern that "state counterparts to Rule 54(c) of the Federal Rules of Civil Procedure might enable a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while actually seeking and perhaps obtaining damages far in excess of the federal requirement." *Gafford*, 997 F.2d at 157-58; *see* Fed. R. Civ. P. 54(c) (providing that with the exception of a default judgment, "[e]very other final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings*.") (emphasis added).

Thus total deference to the amount requested in a plaintiff's complaint may create the potential for manipulation in states, such as Tennessee, with Rule 54(c) analogues.[2] Accordingly, "[a] disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are more likely than not to meet the amount in controversy requirement but it can be sufficient absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshold." *Smith v. Nationwide Prop.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation marks omitted); *see also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (discussing Tenn R. Civ. P. 54.03 and a defendant's burden of proving the amount in controversy is sufficient for federal jurisdiction).

---

[2] In language similar to the federal rule, Tennessee Rule of Civil Procedure 54.03 provides that "[e]very final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings. . . ."

Plaintiff points out that he included a disclaimer in the Prayers for Relief section of his complaint stating he was only seeking damages "in an amount no more than $74,999, inclusive of all costs, reasonable attorney's fees, non-economic damages and compensatory damages and punitive damages" (Court File No. 1-1, p. 18). Defendant, on the other hand, points out that in the paragraphs following the $74,999 demand, Plaintiff requests "damages for lost wages and the value of all employment benefits," "*additional compensatory damages*, including damages for humiliation and embarrassment, and loss [sic] pay due to his unequal treatment on account of his gender," punitive damages, attorney fees and costs, and "all other damages which the Court deems proper." The Court concludes that although the complaint could have been better worded and structured it nonetheless attempts to limit all costs and damages to $74,999. That is, Plaintiff limited "all costs, reasonable attorney's fees, non-economic damages and compensatory and punitive damages" to "no more than $74,999" (*id*.). Redundant, any additional requests in the complaint for those same types of damages are not meant to render the damages request open ended. They must be viewed in light of the $74,999 limiting figure.

There remains, however, the question of whether despite the complaint's limiting language Defendant has "demonstrat[ed] that damages are more likely than not to meet the amount in controversy requirement." *Smith*, 505 F.3d at 407. Without elaborating, Defendant points to an affidavit showing Plaintiff was compensated at an hourly rate of $17.21 and had earned $44, 944.83 in 2012, up to the date of his termination on October 25, 2012 (*id*. at p.2). Defendant does not address whether Plaintiff may have mitigated damages, and indeed Plaintiff notes that he has, which decreases the likelihood that a damages award could surpass $75,000. More importantly, Defendant does not point to any specific facts or calculations that would indicate it was more likely than not that

5

the award would exceed $75,000.³ Simply citing Plaintiff's hourly wage is insufficient. And it is not for the Court to calculate possible damages with such little information.

IV.    CONCLUSION

The Court is mindful that removal statutes are to be strictly construed, as "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949). Here, given Defendant's failure to show by a preponderance that removal was proper—i.e. that Plaintiff's award would more likely than not surpass $75,000—the Court will **GRANT** Plaintiff's motion and **REMAND** this case to state court (Court File No. 5).⁴ There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** the case.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

³The Court reaches this determination irrespective of Plaintiff's stipulation. Simply put, Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.

⁴ In determining that Defendant has not met its burden of showing that, at the time the complaint was filed, it was more likely than not that damages would surpass $75,000, the Court does not have to reach whether Plaintiff's post-removal stipulation also serves to deprive the Court of jurisdiction. *See generally Baldori v. Delta Air Lines, Inc.*, No. 1:11-CV-102, 2011 WL 1212069, at *1-3. (W.D. Mich. Mar. 29, 2011) (surveying case law on the effect of post-removal stipulations as to amount in controversy on defeating diversity jurisdiction).

6

Case 1:13-cv-00391-CLC-WBC   Document 26   Filed 10/27/14   Page 6 of 6   PageID #: 190